The People of the State of New York, Respondent, *v.* Alvin Morris Butchino, Appellant.

Third Department, May 23, 1961.

*Lee H. Turner* for appellant.

*Charles E. Bowers, District Attorney* (*Roger W. Daniels* of counsel), for respondent.

Bergan, P. J. Defendant having pleaded insanity in defense to the charge of assault, second degree, the main question on appeal is the adequacy of the court's charge to the jury on this subject.

The Penal Law provision is that an act committed "by a person who is * * * insane is not a crime"; but it adds

that a person "is not excused from criminal liability as an * * * insane person, except upon proof that, at the time of committing the alleged act, he was laboring under such a defect of reason as: 1. Not to know the nature and quality of the act he was doing; or, 2. Not to know that the act was wrong." (Penal Law, § 1120.)

These literal words must be read the way they have been construed judicially to mean, where a plea of insanity has been interposed, that the burden of proof is with the People to establish beyond a reasonable doubt both of these alternatives, that the defendant knew the nature and quality of the act; and that he knew it to be wrong. (*People* v. *Kelly,* 302 N. Y. 512; cf. *People* v. *Higgins,* 5 N Y 2d 607, 617.)

In the *Kelly* case, the Trial Judge charged that if either alternative were established, i.e., if it were shown that defendant knew the nature of the act, or he knew it was wrong, he might be held responsible (p. 516). Appellant in the case before us argues the court here fell into "the same error" as the court in *Kelly*.

The court here did use the word "or", as, indeed, the statute uses it; but this is the way in which the Judge advised the jury: "The defendant cannot be found guilty of assault in the second degree or assault in the third degree or any other crime if you find that he was insane. That is, if you find that he did not know the nature and quality of his alleged actions upon the person of Agnes Thomas or if you find that he did not know that his alleged acts were wrong."

This is one accurate way of stating the principle. The court did not say that defendant is responsible if the jury found either alternative; it said rather he would be "insane" and hence not responsible and could not be found guilty of any crime if either alternative were found by the jury.

Appellant argues that it "is impossible for a lawyer to understand" the charge "as given by the lower court" and the rhetorical question is asked: "How could a jury of laymen be expected to have understood it?"

Part of the semantic difficulty with this statute is the negative "not excused from"; followed by the "except upon"; followed by the two alternative negatives "[n]ot to know". But when the concept is visualized as a full entity it is not unduly difficult; although simpler ways to convey the idea could, no doubt, be devised.

When the charge is laid alongside the statutory text, it is to be seen that the approach of the Judge accurately follows the

words of the law, i.e., there is no criminal responsibility if either alternative condition exists. In some part the problem is one of burden of proof, a question put to rest by *Kelly*. If the People have the burden to show sanity, they must, of course, show the affirmative of both alternative states of mental capacity, otherwise defendant would be excused for insanity.

If either alternative condition exists, defendant is not responsible. If on the whole case, therefore, the jury find one alternative or the other, it would find defendant insane; or if defendant proved either that he did not understand the act or that he did not know it was wrong, he would be entitled to acquittal. All this is quite different from saying that the " or " means it is enough for the People to prove either alternative to find the defendant sane and responsible; and the Trial Judge did not say that. Elsewhere in the charge the court directly and adequately put the burden of proof on the People to show that defendant was sane.

Appellant also argues that it was error requiring reversal to permit a psychiatrist, who had examined the defendant pursuant to section 658 of the Code of Criminal Procedure on his mental capacity to stand trial, to testify on the question of his mental condition at the time of the commission of the crime.

The report on the issue of his capacity to stand trial, the receipt of which in evidence is interdicted by section 662 of the code, was not offered by the People; and no reference to its contents or substance was made; but the witness was qualified as an expert and gave opinions addressed to the capacity of the defendant to commit the crime.

The statute does not disqualify the medical witness; it makes the report inadmissible (Code Crim. Pro., § 662). There was no attempt here to do that which was condemned in *People* v. *Draper* (278 App. Div. 298, 304, affd. 303 N. Y. 653), to place the " substance of the report of the psychiatrists before the jury by indirection ".

Although the examination as a witness on the trial of a psychiatrist who has made a section 658 examination is not prohibited by statute, if it is done it should be under carefully prescribed conditions and ordinarily be avoided if there is available to the People alternative medical proof, in view of the fact that the official report of such a physician is expressly by statute made inadmissible on the trial (§ 662).

On the record before us we do not regard the testimony of the psychiatrist as to have been so erroneous or so prejudicial to defendant as to require reversal. It seems clear that the imbal-

186

ance created by the official nature of the " report " is the main effect section 662 seeks to avoid.

The judgment should be affirmed.

GIBSON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment affirmed.